## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF ARKANSAS
## HARRISON DIVISION

CAROLYN ELLIS, an individual                                    PLAINTIFF

v.                    Civil No. 08-3025

LARRY BLACK, an individual;
LARRY BLACK & ASSOCIATES, INC.                                 DEFENDANTS

### O R D E R

Now on this 11th day of August, 2008, come on for consideration defendants' **Motion To Dismiss** (document #4) and defendants' **Motion To Stay** (document #9), and from said motions, and the responses thereto, the Court finds and orders as follows:

1.   Plaintiff's Complaint alleges that defendants infringed her copyright in a publication known as Relocation Guide Mountain Home, Arkansas ("Relocation Guide").  Plaintiff seeks to recover defendants' profits from the alleged infringement; her own lost profits; a statutory penalty (as an alternate remedy); attorney's fees; costs; and prejudgment interest.

2.   Defendants move to dismiss the Complaint pursuant to **F.R.C.P. 12(b)(6),** contending that the Relocation Guide does not "contain creative effort" and that "the pleadings demonstrate that statutory penalties and fees are not available."

3.   The standards applicable to review of a motion to dismiss for failure to state a claim are well settled.

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and

> conclusions, and a formulaic recitation of the elements
> of a cause of action will not do.  The complaint must
> allege facts, which, when taken as true, raise more than
> a speculative right to relief.  Where the allegations
> show on the face of the complaint there is some
> insuperable bar to relief, dismissal under Rule 12(b)(6)
> is appropriate.

**Benton v. Merrill Lynch & Co., Inc.**, **524 F.3d 866, 870 (8th Cir. 2008)** (internal citations and quotation marks omitted).  Exhibits attached to a complaint may be considered when ruling on a **12(b)(6)** motion.  **Abels v. Farmers Commodities Corp.**, **259 F.3d 910 (8th Cir. 2001).**

4.  Defendants contend that the Complaint is subject to dismissal because the Relocation Guide does not exhibit the minimal creativity required for copyright protection, but is, instead, merely a collection of facts.  The Court is not persuaded by this argument.  In **Feist Publications, Inc. v. Rural Telephone Service Co., Inc.**, **499 U.S. 340 (1991),** the Supreme Court analyzed the copyrightability of compilations of facts.  It pointed out that "facts are not copyrightable" but "compilations of facts generally are."  **499 U.S. at 344.**

> The compilation author typically chooses which facts to
> include, in what order to place them, and how to arrange
> the collected data so that they may be used effectively
> by readers.  These choices as to selection and
> arrangement, so long as they are made independently by
> the compiler and entail a minimal degree of creativity,
> are sufficiently original that Congress may protect such
> compilations through the copyright laws.

**499 U.S. at 348.**

The Court has examined the Relocation Guide attached to the Complaint in light of the teachings of **Feist**, and finds that it will support a claim of copyright infringement when tested by the standards applicable to a motion to dismiss.

5.    Defendants also contend that the Court should dismiss plaintiff's claim for statutory penalty and attorney's fees.  They rely on **17 U.S.C. §412**, which limits this type of relief to infringement commenced after first publication of the work and before the effective date of registration, unless registration occurs within three months of first publication.   Defendants contend that "[t]he work was published years before 2007."

Plaintiff contends that defendant is basing its argument on the date of creation of the Relocation Guide (attached to the Complaint is a Copyright Certificate showing that the Relocation Guide was created in 2004, and registered as of March 7, 2007) and that "a factual issue remains for the trier of fact as to when the first publication occurred."

Plaintiff's argument is belied by her pleading.  The Complaint alleges that plaintiff authorized defendant Larry Black & Associates, Inc., to use the Relocation Guide (¶12), and that "[o]n August 1, 2005, Ellis made written demand upon Defendant Larry Black to discontinue using the Relocation Guide for his own business purposes" (¶13).  A claim that the Relocation Guide had not yet been published by August 1, 2005, would be entirely

inconsistent with plaintiff's own allegations in the Complaint, even when those allegations are viewed in the light most favorable to her. The Court finds, therefore, that plaintiff's claims for statutory penalty and attorney's fees are subject to dismissal.

6. Defendants also contend that this case should be stayed, in light of litigation in the Circuit Court of Baxter County, Arkansas, that involves Larry Black & Associates, Inc. Real Estate as plaintiff, and Carolyn Ellis, among others, as defendant. While admitting that such a stay should be granted only in "rare" or "exceptional" circumstances, and that there is no Eighth Circuit case on point, defendants contend this Court should dismissed in reliance on **Summa Four, Inc. v. AT&T Wireless Services, Inc.**, **994 F.Supp. 575 (D. Del. 1998)**.

**Summa Four** is not controlling precedent, and the Court turns instead to the Eighth Circuit's explanation of **Colorado River/Moses H. Cone** abstention in **Mountain Pure, LLC v. Turner Holdings, LLC**, **439 F.3d 920 (8th Cir. 2006)**:

> Federal courts have a virtually unflagging obligation . . . to exercise the jurisdiction given them, even when there is a pending state court action involving the same subject matter. Abdication of the obligation to decide cases can be justified under [the abstention] doctrine[s] only in the *exceptional circumstances* where the order to the parties to repair to the State court would clearly serve an important countervailing interest.
>
> Determining whether exceptional circumstances exist requires evaluation of the following factors (the *Colorado River/Moses H. Cone* factors).

(1) whether there is a res over which one court has established jurisdiction, (2) the inconvenience of the federal forum, (3) whether maintaining separate actions may result in piecemeal litigation, unless the relevant law would require piecemeal litigation and the federal court issue is easily severed, (4) which case has priority - not necessarily which case was filed first but a greater emphasis on the relative progress made in the cases, (5) whether state or federal law controls, especially favoring the exercise of jurisdiction where federal law controls, and (6) the adequacy of the state forum to protect the federal plaintiff's rights.

These factors are not intended to be exhaustive, nor are they mechanically applied. Rather, they are pragmatically applied to advance the clear federal policy of avoiding piecemeal adjudication. When examining the factors, the balance [is] heavily weighted in favor of the exercise of jurisdiction.

**439 F.3d at 926** (internal citations and quotation marks omitted, emphasis in original).

In the case at bar, these factors clearly point this Court toward proceeding rather than abstaining. There is no res over which either court has taken jurisdiction. There is no showing that the federal forum is inconvenient (nor could there be, since both courts will hear their cases in the same county). To the extent that the case may be "piecemealed" by having litigation going on in two different forums, relevant law requires such, because federal courts have exclusive jurisdiction of copyright actions. **28 U.S.C. §1338.** For the same reason, the state court does not provide an adequate forum for plaintiff's claim. Federal law controls the outcome.

There is no showing one way or the other as to the only

remaining **Colorado River/Moses H. Cone** factor, the progress of the Baxter County case, and thus it cannot be factored into the analysis.

When the Court analyzes the matter according to controlling precedent, it finds no good and sufficient basis to abstain in this matter. The Motion To Stay will, therefore, be denied.

**IT IS THEREFORE ORDERED** that defendants' **Motion To Dismiss** (document #4) is **granted in part and denied in part.**

The Motion is **granted** insofar as it relates to plaintiff's claims for statutory penalty and attorney's fees, and those claims are hereby **dismissed.**

The Motion is **denied** in all other respects.

**IT IS FURTHER ORDERED** that defendants' **Motion To Stay** (document #9) is **denied.**

**IT IS SO ORDERED.**

                                   **/s/ Jimm Larry Hendren**
                                   **JIMM LARRY HENDREN**
                                   **UNITED STATES DISTRICT COURT**