```
          IN THE UNITED STATES DISTRICT COURT
              WESTERN DISTRICT OF ARKANSAS
                    HARRISON DIVISION
```

**CAROLYN ELLIS, an individual**                                **PLAINTIFF**

       **v.**          **Civil No. 08-3025**

**LARRY BLACK, an individual;**
**LARRY BLACK & ASSOCIATES, INC.**                              **DEFENDANTS**

**O R D E R**

Now on this 27th day of April, 2009, comes on for consideration plaintiff's **Motion For Summary Judgment** (document #31), as well as defendants' **Motion For Oral Hearing On Plaintiff's Motion For Summary Judgment** (document #40), and from said motions, the response thereto, and the supporting documentation, the Court finds and orders as follows:

1.    Plaintiff Carolyn Ellis ("Ellis") brought suit against Larry Black ("Black") and Larry Black & Associates, Inc. ("LBA"), alleging infringement in the copyright of a publication entitled Relocation Guide Mountain Home, Arkansas ("Relocation Guide"). Ellis claims that she authored the Relocation Guide; that she authorized LBA to use it; that she subsequently withdrew that authorization; and that use of the Relocation Guide thereafter constituted copyright infringement. Ellis seeks injunctive relief, compensatory damages, prejudgment interest, and costs.[1]

Defendants answered, denying that the Relocation Guide is

---

[1] Additional claims for statutory penalty and attorney's fees were dismissed by Order dated August 11, 2008.

copyrightable or that it was infringed; and contending that it is a work for hire owned by LBA; that it is a work of joint authorship; that it contains no creative effort; and that it is in the public domain.

Ellis now moves for summary judgment. The matter is fully briefed and ripe for decision.

2. Summary judgment should be granted when the record, viewed in the light most favorable to the nonmoving party, and giving that party the benefit of all reasonable inferences, shows that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. **Walsh v. United States**, **31 F.3d 696 (8th Cir. 1994)**. Summary judgment is not appropriate unless all the evidence points toward one conclusion, and is susceptible of no reasonable inferences sustaining the position of the nonmoving party. **Hardin v. Hussmann Corp.**, **45 F.3d 262 (8th Cir. 1995)**. The burden is on the moving party to demonstrate the non-existence of a genuine factual dispute; however, once the moving party has met that burden, the nonmoving party cannot rest on its pleadings, but must come forward with facts showing the existence of a genuine dispute. **City of Mt. Pleasant, Iowa v. Associated Electric Co-op**, 838 F.2d 268 (8th Cir. 1988).

3. Pursuant to **Local Rule 56.1**, the plaintiff have filed a statement of facts which she contends are not in dispute. From that statement, and defendants' response thereto, the following

significant undisputed facts are made to appear:

   *   Ellis and Black are real estate agents in Mountain Home, Arkansas.  In 1999, Ellis began working for Black's company, LBA.

   *   Mountain Home is generally known throughout the country as a retirement community, and many individuals retire or otherwise relocate to Mountain Home.

   *   Real estate agents in Mountain Home procure leads for potential customers from various sources, including local chambers of commerce and retirement service providers.

   *   One method used by real estate agents to induce a potential customer to choose that real estate agent is to send the lead written materials.  The Relocation Guide is one example of such written materials.

   *   Ellis applied for and received copyright registration for the Relocation Guide with an effective date of March 7, 2007.

   *   Ellis' association with LBA ended on or about August 9, 2005.

   *   Defendants continued to use the Relocation Guide until at least February 25, 2009.

   4.   Ellis claims that she is entitled to summary judgment because she owns a valid copyright in the Relocation Guide.  She claims also that there is evidence both of direct copying by LBA and of access to the Guide by defendants and substantial similarity in their product.

Defendants counter that the Relocation Guide is a work of joint authorship; that it is a work made for hire; that Ellis transferred her rights to LBA; and that the work is a mere compilation as to which no copyright exists.

5.  As a starting point, the Court notes that copyright protection may subsist in works of compilation.  "A 'compilation' is a work formed by the collection and assembling of preexisting materials or of data that are selected, coordinated, or arranged in such a way that the resulting work as a whole constitutes an original work of authorship." **17 U.S.C. § 101**.  "[I]t is apparent on the face of the Copyright Act that it is possible for an arrangement of pre-existing materials to be an independently produced work of intellectual creation." **West Publishing Co. v. Mead Data Central, Inc.**, **799 F.2d 1219, 1223 (8th Cir. 1986)**.

This does not, of course, mean that as a matter of law the Relocation Guide is copyrightable, but it is the case that "almost any ingenuity in selection, combination or expression, no matter how crude, humble or obvious, will be sufficient to make the work copyrightable." **West Publishing**, *supra*, **at 1223**.  Such copyright extends, however, "only to the material contributed by the author of such work, as distinguished from the right in the preexisting material." **17 U.S.C. § 103(b)**.

6.  Ellis applied for copyright registration for the Relocation Guide, and a Certificate of Registration was issued

-4-

with an effective date of March 7, 2007.  This Certificate shows that Ellis is the author of the Relocation Guide.  Ellis contends that this settles the issue of ownership of copyright.

The Certificate of Registration "constitute[s] prima facie evidence of the validity of the copyright and of the facts stated in the certificate."  **17 U.S.C. § 410(c)**.  This is, however, a rebuttable presumption.  **MyWebGrocer, LLC v. Hometown Info, Inc., 375 F.3d 190, 192 (2nd Cir. 2004)**.

The facts of this case are such that the Court finds genuine disputes of material fact as to ownership of the copyright.  For one thing, the Certificate states that the Relocation Guide had not been published as of the date of issuance, March 7, 2007.  Given the undisputed fact that the Relocation Guide had been published[2] before the Certificate of Registration issued, a finder of fact might well question the veracity of other representations made therein -- such as authorship.  The evidence offered by defendants on the issue of joint work -- detailed in ¶7, *infra* -- is sufficient to create a fact issue as to the validity of the copyright and the facts stated in the Certificate.

7.   Defendants contend that the Relocation Guide is a joint work, as that term is understood in copyright jurisprudence, involving Ellis, Black, and employees of LBA.  "A 'joint work' is

---

[2]"Publication" for purposes of copyright law occurs when copies of a work are distributed to the public.  17 U.S.C. § 101.

a work prepared by two or more authors with the intention that their contributions be merged into inseparable or interdependent parts of a unitary whole." **§ 101.** "The authors of a joint work are co-owners of copyright in the work." **17 U.S.C. § 201(a).**

Black avers that in late 2003, Ellis "was assigned the task of compiling public information from various sources into a promotional brochure." He avers that "substantial substantive contributions" to the work were made by himself and "several other agents and employees of LBA," and that his own contributions were "typically implemented by Dave Almond [a salaried employee of LBA] or Carolyn Ellis." Black avers that in early 2004, LBA began using a digital version of the Relocation Guide that each agent could personalize and print from his or her computer.[3]

Defendants also offer the Declaration of Nancy Buel, an employee of LBA, to the effect that when she came to work at LBA, there was no Relocation Guide in use, and that a few years later, "the agents got together and with their combined input, the Guide was formed. No single agent was the sole originator of the Guide."

Defendants also offer the Declaration of Dave Almond, an employee of LBA, to the effect that he redesigned the front cover sheet of the Relocation Guide on June 8, 2008; that he took the photo on the front cover, as well as several other photos used in

---

[3]Ellis attempts to discredit the affidavit of Black as self-serving contradiction of deposition testimony unavailing under Eighth Circuit law. The Court has compared Black's deposition and his Affidavit, and with respect to the issue of who did what in creating the Relocation Guide, does not find material contradictions.

the Relocation Guide; that he designed the back cover; that he had "input on the lay out of most of the pages . . . as did most of the other agents"; and that he put in the digital template which allowed agents to customize the Relocation Guide before printing it.

Defendants also offer the Declaration of Jim Jensen, an employee of LBA, to the effect that the Relocation Guide, like many other advertising efforts, was an LBA team effort and that it was a "Living Thing" that changed as time passed.

The evidence offered by defendants creates a genuine issue of material fact as to whether the Relocation Guide was prepared by two or more authors with the intention that their contributions be merged into inseparable or interdependent parts of a unitary whole.  Given their most favorable inferences, the averments of Black and Almond, in particular, could lead to a jury finding that an employee of LBA materially assisted in fixing the Relocation Guide in a tangible medium of expression, which distinguishes creative contributions during the development of a work from the resulting copyrightable work.  **17 U.S.C. §102(a)**.

In addition, Black avers that in May, 2005 -- while Ellis still worked for LBA and with her acquiescence -- he had the Relocation Guide mass-printed with LBA's name and copyright notice.  Given its most favorable inference, this evidence could persuade reasonable jurors that Ellis intended for LBA to be a

joint author of the Relocation Guide.

For these reasons, the Court finds that genuine issues of material fact exist as to whether the Relocation Guide is a joint work, and summary judgment on that issue will be denied.

8. Defendants also contend that the Relocation Guide is a work made for hire. A work is "made for hire" under copyright law if it is "a work prepared by an employee within the scope of his or her employment" or "a work specially ordered or commissioned for use as a contribution to a collective work . . . as a compilation . . . if the parties expressly agree in a written instrument signed by them that the work shall be considered a work made for hire." **§ 101.**

There is no evidence of a written instrument signed by the parties agreeing that the Relocation Guide would be considered a work for hire, so the disposition of this issue depends on whether -- to the extend Ellis authored it -- she was doing so as an employee of LBA and within the scope of her employment.

The Supreme Court has held that in determining the employment issue in a copyright case, "a court first should ascertain, using principles of general common law of agency, whether the work was prepared by an employee or an independent contractor." **Community for Creative Non-Violence v. Reid**, 490 U.S. 730, 751 (1989). Appropriate considerations include

> the hiring party's right to control the manner and means by which the product is accomplished . . . . the skill

> required; the source of the instrumentalities and tools; the location of the work; the duration of the relationship between the parties; whether the hiring party has the right to assign additional projects to the hired party; the extent of the hired party's discretion over when and how long to work; the method of payment; the hired party's role in hiring and paying assistants; whether the work is part of the regular business of the hiring party; whether the hiring party is in business; the provision of employee benefits; and the tax treatment of the hired party.  No one of these factors is determinative.

*Id.* **at 751-52.**

Ellis submitted an Affidavit in which she averred that she worked as an independent contractor the entire time she was associated with LBA, and that LBA did not withhold taxes from her pay, pay her Social Security taxes, or provide medical or other benefits.

Ellis also submitted the deposition testimony of Black, taken in the case of <u>Larry Black & Associates v. David Ellis and Carolyn Ellis, Kristine Yunker, Joan Marcia Philman, and Donkey Tails, Inc.</u>, Case number CI-2006-64-3 in the Circuit Court of Baxter County, Arkansas, in which Black testified that Ellis was an independent contractor, not a "W2 employee."

Black averred that Ellis, like all his agents, was required to work exclusively for LBA; that LBA provided office space, equipment and support staff; that LBA assigned work; and that Ellis was assigned the task of compiling the Relocation Guide.

Most probative of the foregoing is the fact that LBA did not withhold taxes or pay benefits to Ellis.  The Eighth Circuit

noted, in **Kirk v. Harter**, **188 F.3d 1005, 1008 (8th Cir. 1999)**, that "every case since *Reid* that has applied the test has found the hired party to be an independent contractor where the hiring party failed to extend benefits or pay social security taxes." Such a result in this case would be entirely consistent with Black's testimony that Ellis was an independent contractor, not a "W2 employee."

While there is countervailing evidence of factors tending to prove an employee relationship (control; provision of workspace, tools, and assistants; duration of relationship; and right to assign additional projects), the Court is not persuaded that it presents a genuine dispute. The evidence that Ellis was an independent contractor is simply too strong. Summary judgment that the Relocation Guide was not a work made for hire will, therefore, be granted.

9. Defendants also contend that even if Ellis owns the copyright, she sold it to LBA. They cite **17 U.S.C. § 201(d)**, which allows transfer of ownership of a copyright in whole or in part by any means of conveyance or by operation of law." Their argument overlooks the fact that such a transfer "is not valid unless an instrument of conveyance, or a note or memorandum of the transfer, is in writing and signed by the owner of the rights conveyed or such owner's duly authorized agent." There is no evidence of such a writing.

The Court has considered, however, that if the finder of fact determines that Ellis owns the copyright in the Relocation Guide, there remains a genuine issue of material fact as to when she withdrew her admitted authorization for defendants to distribute it.  "A nonexclusive license to use copyrighted material may be granted orally or implied from conduct.  An implied nonexclusive license is created when one party creates a work at another party's request and hands it over, intending that the other party copy and distribute it."  **Wilchombe v. TeeVee Toons, Inc., 555 F.3d 949, 956 (11th Cir. 2009).**

Ellis admits that she authorized agents associated with LBA to use the Relocation Guide for their own leads, and that they did so by receiving a digital file containing the Relocation Guide from her. Ellis avers that on August 18, 2005, she mailed Black "a letter rescinding any authority to use the Relocation Guide, and that in her Complaint she "again demanded that Larry Black and LB&A cease use of the Relocation Guide."

Black avers that in May, 2005 -- while Ellis still worked for LBA and with her acquiescence -- he had the Relocation Guide mass-printed with LBA's name and copyright notice.  Black further avers that he did not receive any letter from Ellis withdrawing permission to use the Relocation Guide.

To the extent that the finder of fact concludes that a nonexclusive license was the basis for defendants' use of the

Relocation Guide, a fact issue exists as to when it was revoked.

10.  Because the Court finds no basis to enter summary judgment on the issue of liability that is fully favorable to Ellis, it need not address her contentions that she is entitled to summary judgment on the issue of damages.

11.  For the reasons stated in this Order, the Court finds the briefs of the parties sufficient to resolve the issues presented, and defendants' motion for oral argument will, therefore, be denied.

**IT IS THEREFORE ORDERED** that plaintiff's **Motion For Summary Judgment** (document #31) is **granted in part and denied in part.**

The motion is **granted** as to the issue of whether the Relocation Guide is a work made for hire:  it is not.

The motion is **denied** in all other respects.

**IT IS FURTHER ORDERED** that defendants' **Motion For Oral Hearing On Plaintiff's Motion For Summary Judgment** (document #40) is **denied.**

**IT IS SO ORDERED.**

                        **/s/ Jimm Larry Hendren**
                        **JIMM LARRY HENDREN**
                        **UNITED STATES DISTRICT COURT**