IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

CAROLYN ELLIS, an individual                                      PLAINTIFF

            v.               Civil No. 08-3025

LARRY BLACK, an individual;
LARRY BLACK & ASSOCIATES, INC.                                   DEFENDANTS

O R D E R

Now on this 11th day of June, 2010, comes on for consideration **Defendant's Motion For Attorney's Fees And Costs** (document #55), and from said motion, and the response thereto, the Court finds and orders as follows:

1.   Plaintiff Carolyn Ellis ("Ellis") brought suit to recover for alleged copyright infringement relating to a publication known as Relocation Guide Mountain Home, Arkansas ("Relocation Guide"). Ellis sought to recover defendants' profits from the alleged infringement; her own lost profits; a statutory penalty (as an alternate remedy); attorney's fees; costs; and prejudgment interest.

2.   Ellis' claims for statutory penalty and attorney's fees were dismissed by the Court early in the life of the case, and the matter went to trial on the remaining issues.  At the conclusion of trial, the Court dismissed Ellis' claims against defendant Larry Black.  The issues as between Ellis and Larry Black & Associates, Inc. ("LBA") were presented to the jury, and the jury

returned a verdict in favor of LBA.

3.    Defendants contend that they are entitled to an award of attorney's fees, and offer Affidavits in support of the amount sought.  The Court turns first to the issue of whether any fee award is appropriate, in light of the facts and circumstances of the case.

The Copyright Act provides that

[i]n any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof.  Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs.

**17 U.S.C. § 505.**

In **Fogerty v. Fantasy, Inc.**, **510 U.S. 517 (1994),** the Supreme Court stressed that this statute does not amount to authorization to grant an attorney's fee to every prevailing plaintiff in a copyright suit, but instead requires courts to exercise discretion in determining whether such fees should be awarded.  The Eighth Circuit has outlined the considerations that should guide that discretion, as follows:

The decision to award attorneys' fees to a prevailing party under § 505 is a matter for the district court's "equitable discretion," to be exercised in an evenhanded manner by considering factors such as whether the lawsuit was frivolous or unreasonable, the losing litigant's motivations, the need in a particular case to compensate or deter, and the purposes of the Copyright Act.

**Action Tapes, Inc. v. Mattson,** **462 F.3d 1010, 1014 (8th Cir. 2006)**

4.   Was the lawsuit frivolous or unreasonable?

A frivolous claim is a claim "that has no legal basis or merit, esp. one brought for an unreasonable purpose such as harassment." **Black's Law Dictionary**, **Ninth Edition**.

The Court cannot say the claims that survived defendants' motion to dismiss were without legal basis -- they had sufficient basis to survive dismissal.  Defendants did not move for summary judgment, so the Court was never asked to determine whether Ellis could show the existence of a genuine dispute of material fact, and in the Court's experience, when defendants believe there is such a lack, they commonly move for summary judgment.  Thus, up to the point of trial, there was no reason to find that Ellis' claims were frivolous.

While Ellis did not prevail at trial, that fact does not necessarily support a finding that her claim was frivolous either. If it did, that would be tantamount to saying that every prevailing copyright defendant is entitled to a finding that plaintiff's claim was frivolous, and that is not what the statute provides.  A claim with merit may lose out to a defense with more merit.

Defendants also contend that Ellis' claim was frivolous because she "knew that Defendants owned photographs used in the disputed Relocation Guide, as was indicated on the face of the copyright registration."  It is their theory that because they

took some of the photographs in the Relocation Guide, they could not be liable for copyright infringement, making the suit frivolous.  This statement oversimplifies the law.  Copyright in a compilation of data "extends only to the material contributed by the author of such work, as distinguished from the preexisting material employed in the work, and does not imply any exclusive right in the preexisting material." **17 U.S.C. § 103(b)**.  Thus, defendants could not be liable for copyright infringement as to the pictures taken by them, but that does not exempt them from suit as to the remainder of the compilation.

For the foregoing reasons, the Court finds that this factor favors Ellis in the attorney's fee dispute.

5.  Is Ellis' motivation suspect?

Defendants contend that "it was apparently Ellis' strategy to try to extract a settlement of Defendants [sic] pending state court lawsuit against her," and that the Court

> can infer that the Plaintiff did not file and litigate the case in "good faith" and that the primary motivation behind the filing and litigation of the lawsuit was to force Larry Black and Larry Black & Associates to incur exorbitant litigation costs in hope that it could extract "compensation" from the Defendants for discontinuing their relationship with her and continuing in the real estate business using the Relocation Guide.

It is true that Ellis was involved in litigation with the defendants in state court, but there is nothing about that situation that persuades the Court that Ellis had an improper motive in filing this suit.  Nor is there any evidence that Ellis

brought suit simply to force defendants to incur enormous expenses. Defendants admit that the Court would have to "infer" such, and the Court will not engage in what -- under this showing -- would be merely speculation.

Finally, if the jury had found in Ellis' favor, it would in fact have compensated her for LBA "continuing in the real estate business using the Relocation Guide," and there was nothing improper in her seeking such compensation.

For the foregoing reasons, the Court finds that this factor favors Ellis in the fee dispute.

6.   Was there a particular need to compensate Ellis or deter LBA?

There is little evidence bearing on this factor, and it does not weigh more heavily in favor of either party.

7.   Did this lawsuit serve the purposes of the Copyright Act?

In **Fogerty**, the Supreme Court noted that "[t]he primary objective of the Copyright Act is to encourage the production of original literary, artistic, and musical expression for the good of the public." **Fogerty**, *supra*, **510 U.S. at 524.** While production of the Relocation Guide involved minimal originality, compilations of facts are generally copyrightable, **Feist Publications, Inc. v. Rural Telephone Service Co., Inc.**, **499 U.S. 340 (1991),** and may be quite useful to the public. Indeed, the

Relocation Guide offered a compilation of information which would be quite useful to people considering a move to Mountain Home, and protection of copyright for such materials advances the purposes of the Copyright Act.  This factor favors Ellis.

8.   When the Court weighs the factors addressed above, it concludes that defendants are not entitled to an award of attorney's fees in this matter.

9.   Denial of an award of attorney's fees does not necessarily require denial of an award of costs -- the two are not joined in the statute, and ordinarily the prevailing party is entitled to an award of costs other than attorney's fees even in the absence of a fee statute.  **F.R.C.P. 54(d).**  No award of costs will be made, however, because the only costs for which reimbursement is sought are meals, mileage, and legal research, and these are not taxable costs under **28 U.S.C. § 1920.**  In this Circuit, "costs under 17 U.S.C. § 505 are limited to the costs expressly identified in 28 U.S.C. § 1920." **Pinkham v. Camex, Inc.**, **84 F.3d 292, 295 (8th Cir. 1996).**

IT IS THEREFORE ORDERED that **Defendant's Motion For Attorney's Fees And Costs** (document #55) is **denied.**

IT IS SO ORDERED.

/s/ Jimm Larry Hendren
**JIMM LARRY HENDREN**
**UNITED STATES DISTRICT COURT**

-6-